In re BIRD & STOWE, INC., Debtor.

Bankruptcy No. 85–1919–BKC–9P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 8, 1988.

James R. Jessell, Fort Myers, Fla., Trustee.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is a Motion to Dismiss the case, filed by James R. Jessell, the duly qualified and acting Trustee of the estate of the above-named Debtor corporation. The Trustee seeks a dismissal of this Chapter 7 case on the ground that the Debtor corporation failed to abide by an order of this Court which directed an appearance of the Debtor (sic) at the rescheduled 341 meeting of creditors; and for failing to file Amended Schedule of Assets and Liabilities within 30 days from the date of the Order of Conversion.

In due course the Motion was scheduled for hearing at which time the Court heard argument of the Trustee in support of his Motion and, having considered the record, is satisfied that the Motion is without merit and should be denied for the following reasons:

The record reveals that Bird & Stowe, Inc., the Debtor corporation, filed its original Petition for Relief under Chapter 11 on July 18, 1985. The Schedule of Assets filed by the Debtor on the same date reveals that the Debtor was the owner of Lot 74 located in Carol Ridge Subdivision in Lee County, Florida, valued by the Debtor at $3,000.00; that in addition the Debtor owned machinery, fixtures and equipment valued at $24,100.00, office equipment and furnishings valued at $11,397.00, inventory valued at $20,000.00, and accounts or contracts valued at $47,630.00. It appears from the Schedule of Liabilities that the lot described is free and clear of liens and the only secured claim is held by Ashley Aluminum who is supposed to have a lien of the inventory and accounts receivable, securing an indebtedness in the approximate amount of $34,300.00.

On April 23, 1987, counsel of record for the debtor filed a Motion to Withdraw and at the same time he filed his Motion to Convert to Chapter 11 case to a Chapter 7 liquidation case. Counsel in support of his Motion to Withdraw stated, inter alia, that the Debtor closed its business and is no longer operating, that all remaining assets of the Debtor are located at the formal business premises of the Debtor and are available for sale and disposal by the Trustee.

On April 30, 1987, this Court entered an order and converted the Chapter 11 case to a Chapter 7 case and appointed Mr. James R. Jessell as interim Trustee for the estate. It appears that the president of the corporation, Mr. William C. McMorris, advised the Court and the Trustee that he obtained employment in Atlanta and sought to be excused from appearing at the 341 meeting. He also advised the Trustee as to the location of the corporation's books and records and gave the address of the bookkeeper of the corporation, Mr. Charles Gorman, whose address is (SunnyDell Plaza, Suite M, 3586 Tamiami Trail, Port Charlotte, Florida 33952) and who would be

available to furnish any and all information necessary for the administration of the estate.

From the foregoing it is apparent that it would be highly improper and inappropriate to grant the Trustee's motion to dismiss this Chapter 7 case for the following reasons:

It is quite evident and needs no elaborate discussion to note that the administration of a Chapter 7 case is not dependent upon the Debtor's compliance with the requirements of the Bankruptcy Code. If this would be the case the Debtor could easily defeat the very purpose of Chapter 7 liquidation case by simply not appearing at the meeting of the creditors or not filing the necessary papers which in turn under the theory advanced by the Trustee would assure dismissal, giving the Debtor a free hand to dispose of the assets of the estate. It is obvious that this is not what Congress had in mind when it structured the provision of the Bankruptcy Code governing liquidation of the assets under Chapter 7. In addition it was not the intention of Congress when it created the office of a trustee and spelled out the duties of a trustee, paramount of which is the trustee's duties to collect the properties of the estate and reduce the same to money that a non-compliance by Debtor would permit the Trustee to abdicate the responsibilities of the office. Section 704(1) of the Bankruptcy Code.

Based on the foregoing, this Court is satisfied that the reasons stated in the Trustee's Motion to Withdraw are unacceptable and must be rejected.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the case filed by James R. Jessell, the Trustee, be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED by the Court that the Trustee shall forthwith proceed to comply with the requirements of § 704(1) and promptly proceed to administer the assets of the estate as required by the Bankruptcy Code.